J. CAPLES, Respondent, *v.* LOUISVILLE, EVANSVILLE & ST. LOUIS RAILWAY COMPANY, Appellant.

#### March 17, 1885.

COMMON CARRIERS—MEASURE OF DAMAGES—SPECIAL CONTRACT.—It is not error to exclude evidence of the value of goods shipped at the point of their destination, where the freight contract provides that in case of loss the amount thereof shall be computed at the value of the goods at the time and place of their delivery.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Affirmed with ten per cent. damages.*

CHAS. F. JOY, for the appellant.

O. F. HESS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action against the defendant as a common carrier, for damages for failing to deliver a quantity of household goods placed in the defendant's hands at New Albany, Indiana, for shipment to St. Louis, Missouri. The plaintiff had a verdict and judgment.

The only ground on which we are asked to reverse the judgment is that the court refused to permit a witness for the defendant to testify as to the value of the goods at St. Louis, the place of their destination. It is clear that there was no error in this, because it was shown at the trial that the goods were shipped under a bill of lading which embodied a special contract, that, in the event of loss or damage to the goods, the amount of such loss or damage should be computed at the value or cost of the goods at the place and time of shipment.

We are asked, in affirming the judgment, to give ten per cent. damages for a frivolous appeal. The defendant no doubt acted faithfully in the execution of the duty it assumed towards the plaintiff of shipping his goods from New Albany to St. Louis. But the plaintiff's wife, for reasons stated in her testimony, chose to ship them to him in the name of John Linch. She demanded them, representing herself as Mrs. Linch, and found another box of goods marked J. Linch, which on being opened was found to contain articles of little value.

The testimony tended to raise a suspicion that the plaintiff's box had been delivered to the J. Linch, who was the consignee of this other box, through a mistake of the defendant's agents; but there was no definite evidence upon this point. It was mere conjecture.

The defendant had no real defense to the action. The plaintiff's evidence tended to show that the goods were worth $550.00 at New Albany. The bill of exceptions does not state what evidence the defendant adduced as to their value at that point, except that a witness for the defendant testified that they were worth less at New

Albany than at St. Louis. The jury returned a verdict for four hundred dollars. There is nothing whatever in the record to justify the defendant in delaying the plaintiff in the fruits of his judgment by this appeal, and we think that, in the exercise of a proper discretion, we ought to affirm it with damages. It is accordingly ordered that the judgment of the circuit court be affirmed with ten per cent. damages. All the judges concur.